Uploaded: 2023OCT13 15:37 Filed By:SCOLE on behalf of Bar# 83774 JCOSTON Reference: EF-131702
E-Filed: 2023OCT13 CHESAPEAKE CC DOWILSON at 2023OCT16 08:36 CL23006376-00

**V I R G I N I A: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

| | |
|---|---|
| **HENRY BROWN,** : | |
|      **Plaintiff,** : | |
| : | |
| v. : | **Case No.:**_____ |
| : | |
| : | **JURY TRIAL DEMANDED** |
| **NORFOLK SOUTHERN RAILWAY** : | |
| **COMPANY** : | |
| : | |
|     Serve: R/A C.T. Corporation : | |
|           100 Shockoe Slip Fl 2 : | |
|           Richmond, VA 23219 : | |
| : | |
| and : | |
| : | |
| **NATIONAL RAILROAD** : | |
| **PASSENGER CORPORATION,** : | |
| **d/b/a AMTRAK,** : | |
| : | |
|     Serve: 1 Massachusetts Ave, NW : | |
|           Washington, DC 20001 : | |
| : | |
|     **Defendants.** : | |

## COMPLAINT

**COMES NOW** Plaintiff, Henry Brown, by counsel, and moves this Honorable Court for judgment against the Defendants, Norfolk Southern Railway Company (hereinafter "Norfolk Southern" or "NS") and National Railroad Passenger Corporation (hereinafter "Amtrak") for personal injuries suffered, and respectfully moves this Court for entry of judgment against the Defendants for the following reasons:

Parties

1. Plaintiff Henry Brown is individual, *sui juris*, and a resident of Chesapeake, Virginia.

2. Defendant Norfolk Southern is a railroad corporation that is incorporated under the

laws of the Commonwealth of Virginia, with its principal place of business and corporate headquarters located in the City of Atlanta, Georgia. At all times relevant to this action, NS regularly, purposefully and systematically conducted substantial business activities within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce.

3. National Railroad Passenger Corporation ("Amtrak" or "Defendant") is a carrier organized and existing under the laws of the District of Columbia, and at all times relevant hereto, the Defendant was engaged in interstate commerce and doing business within and existing under the laws of the District of Columbia, which has been duly authorized to conduct business in the Commonwealth of Virginia, and at all times relevant hereto, the Defendant has been doing business within the jurisdiction of this Court as a common carrier of interstate commerce and has been engaged in interstate commerce and transportation.

4. Venue is proper in this Court pursuant to pursuant to Va. Code § 8.01-262.

### Facts

5. Defendant Norfolk Southern owns and is responsible for the tracks, track appurtenances, and maintenance of grade crossing 467381H, located on or near Portlock Road.

6. On or about October 26, 2021, Mr. Brown was lawfully operating his motor vehicle on Portlock Road in Chesapeake, Virginia.

7. Prior to the incident, the light controlling crossing 467381H turned green and the gate arms lifted.

8. Seconds after Mr. Brown entered grade crossing 467381H, the gate arms dropped quickly and without warning.

9. At the same time and place, Amtrak train 182, was heading south on Norfolk Southern's railroad line.

10. Upon information and belief, Amtrak train 182 did not blow its horn, nor sound its bell and it collided with Mr. Brown's vehicle.

11. As a result of the collision, Mr. Brown suffered grievous bodily injury.

## COUNT I

### *NEGLIGENCE AGAINST NORFOLK SOUTHERN RAILROAD*

12. At the time of the subject collision, NS had a duty to provide appropriate warnings and safety measures to avoid injury to members of the public at the crossing. NS breached its duty by failing to exercise such reasonable care, causing injury to Mr. Brown.

13. The negligence, carelessness and recklessness of NS will be more specifically determined through discovery, but, on information and belief, the Defendant was negligent, careless and reckless in the following particulars:

   a. Creating and/or maintaining an unreasonably hazardous and unsafe crossing;

   b. Failing to inspect the crossing for unsafe and hazardous conditions;

   c. Failing to take precautions to reduce the risk of injury to Plaintiff and other motorists;

   d. Failing to properly warn oncoming traffic of approaching trains;

   e. Failing to properly inspect and maintain its crossing and warning signals at the crossing such as flashing lights and cross arm gates; and

   f. Was otherwise negligent.

14. Defendant's negligence was a proximate cause of the injuries to Plaintiff.

15. As a result of the Defendant Norfolk Southern's negligence, statutory violations, and/or other wrongful acts or omissions, the Plaintiff sustained injury and damages, including, but not limited to: serious and painful injuries which are or may be permanent; Plaintiff has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; Plaintiff

3

has incurred expenses for doctors and related medical care and in the future will or may continue to incur such expenses in an effort to be cured or healed; Plaintiff has been unable to perform all of the usual personal affairs of a person of Plaintiff's age and position in life and in the future, will or may continue to be unable to perform all of such affairs and has otherwise suffered injury or damages.

## COUNT II

*NEGLIGINCE AGAINST AMTRAK*

16. At the time of the subject collision, Amtrak had a duty to provide appropriate warnings and safety measures to avoid injury to members of the public at the crossing. Amtrak breached its duty by failing to exercise such reasonable care, causing injury to Mr. Brown.

17. The negligence, carelessness and recklessness of Amtrak will be more specifically determined through discovery, but, on information and belief, the Defendant was negligent, careless and reckless in the following particulars:

   a. Failing to reasonably look for, observe, and/or appreciate the hazard posed by Mr. Brown's entrapped vehicle;

   b. Failing to take reasonable action to slow down its train as it approached the specific, local hazard of Mr. Brown's entrapped vehicle;

   c. Failing to warn Mr. Brown of the approaching train; and

   d. Was otherwise negligent.

18. As a result of the Defendant Norfolk Southern's negligence, statutory violations, and/or other wrongful acts or omissions, the Plaintiff sustained injury and damages, including, but not limited to: serious and painful injuries which are or may be permanent; Plaintiff has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; Plaintiff

4

has incurred expenses for doctors and related medical care and in the future will or may continue to incur such expenses in an effort to be cured or healed; Plaintiff has been unable to perform all of the usual personal affairs of a person of Plaintiff's age and position in life and in the future, will or may continue to be unable to perform all of such affairs and has otherwise suffered injury or damages.

**WHEREFORE**, the Plaintiff, Henry Brown respectfully requests that he be awarded a judgment against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with post-judgment interest and the costs of this proceeding, as well as such other and further relief as may be appropriate.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

                Respectfully submitted,

                HENRY BROWN

By:    /s/ John H. Coston IV
       Counsel

John H. Coston IV (VBN 83774)
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 300
Portsmouth, Virginia 23704
Phone: (757) 393-4093
Fax: (757) 397-7257
jcoston@moodyrrlaw.com
*Counsel for Plaintiff*