IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

NO.2:23-cv-00564

HENRY BROWN,

    Plaintiff,

v.

                                              ANSWER

NORFOLK SOUTHERN RAILWAY
COMPANY and NATIONAL RAILROAD
PASSENGER CORPORATION d/b/a
AMTRAK,

    Defendants.

Defendants Norfolk Southern Railway Company ("Norfolk Southern") and National Railroad Passenger Corp. ("Amtrak"), (collectively, "Defendants"), hereby respond to Plaintiff's Complaint as follows:

## PARTIES

1.    Admitted that Plaintiff is an individual, *sui juris*. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and they are therefore denied.

2.    Admitted only that Norfolk Southern is an intrastate and interstate common carrier by rail, and that it is a railroad corporation organized and existing under the law of the State of Virginia, with its corporate headquarters located in Atlanta, Georgia. The remaining allegations in paragraph 2 of the Complaint call for a legal conclusion to which no response is necessary. To the

1

extent a response is deemed necessary, Norfolk Southern admits that it conducts business activities within the State of Virginia. Except as expressly admitted, denied.

3. Admitted only that Amtrak is an intrastate and interstate common carrier by rail, organized and existing under the laws of the District of Columbia. The remaining allegations in paragraph 3 of the Complaint call for a legal conclusion to which no response is deemed necessary. To the extent a response is deemed necessary, Amtrak admits that it conducts business activities within the State of Virginia. Except as expressly admitted, denied.

4. The allegations in paragraph 4 of the Complaint call for a legal conclusion to which no response is deemed necessary. To the extent a response is deemed necessary, Defendants admit that there are various proper venues for this lawsuit, including the present venue.

## FACTS

5. Admitted that Norfolk Southern operates and maintains the tracks and railroad crossing located on or near Portlock Road, bearing No. 467381H. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and they are therefore denied.

6. Admitted only that Plaintiff Henry Brown was involved in a motor vehicle accident with an Amtrak train on October 26, 2021. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and they are therefore denied.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and they are therefore denied.

8. Denied.

9. Admitted only that at the time of Plaintiff's alleged incident, Amtrak train 95(26) was heading south on Norfolk Southern's railroad line in Chesapeake, Virginia. Except as expressly admitted, denied.

10. Denied.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and they are therefore denied.

## COUNT I

### *NEGLIGENCE AGAINST NORFOLK SOUTHERN RAILROAD*

12. Admitted only that Norfolk Southern has various duties under the law to provide warnings at railroad crossings. Except as expressly admitted, denied.

13. Denied, including all subparts.

14. Denied.

15. Denied.

## COUNT II

### *NEGLIGENCE AGAINST AMTRAK*

16. Admitted only that Amtrak has various duties under the law to provide warnings at railroad crossings. Except as expressly admitted, denied.

17. Denied, including all subparts.

18. Denied.

Defendants Norfolk Southern and Amtrak deny that Plaintiff is entitled to any of the relief sought in his prayer for relief against Norfolk Southern and Amtrak. Every allegation of Plaintiff's Complaint not elsewhere responded to is denied.

## SECOND DEFENSE

(Preemption)

The claims asserted in Plaintiff's Complaint are preempted by federal law, pursuant to the Rail Safety Act of 1970 (originally 45 U.S.C. § 421 *et seq.*, now codified in 49 U.S.C. § 20101 *et seq.*), the ICC Termination Act of 1995 (49 U.S.C. §§ 10101, et seq.), and the Highway Safety Act of 1973 (23 U..S.C. § 130 et seq.), as amended, and the regulations issued by the Secretary of Transportation pursuant thereto.

## THIRD DEFENSE

(Sole Proximate Cause)

The sole proximate cause of all injuries and damages Plaintiff alleges was the negligence of a person or persons other than these answering defendants, with the result that Plaintiff is not entitled to any recovery from these defendants.

## FOURTH DEFENSE

(Contributory Negligence)

1. At the time of this collision, Plaintiff Henry Brown was negligent, grossly negligent, reckless, and willful and wanton in the following ways:

    a. He failed to keep a proper lookout;

    b. He operated the vehicle at a speed greater than was reasonable and prudent under existing conditions;

    c. He failed to keep his vehicle under proper control;

    d. He failed to yield the right of way to a train;

    e. He failed to keep a proper lookout;

    f. He failed to look and listen for an approaching train;

g. He failed to see that a movement could not be made safely;

h. He operated the vehicle carelessly, heedlessly, recklessly, willfully and wantonly, in disregard for his own safety and the safety of others, without due caution and circumspection and in a manner so as to endanger persons and property;

i. He ignored warnings as he approached a railroad crossing;

j. He ignored the warnings given of the train's approach to the crossing;

k. He carelessly and heedlessly failed to obey the train whistle and headlight;

l. He failed to stop his vehicle within 50 feet but not less than 15 feet from the nearest rail of the railroad and to remain there until it was safe to proceed when the train was emitting an audible signal and presented an immediate hazard because of its speed and nearness to the crossing;

m. He failed to stop his vehicle within 50 feet but not less than 15 feet from the nearest rail of the railroad and to remain there until safe to proceed when the train was plainly visible and was in hazardous proximity to the crossing;

n. He failed to stop his vehicle within 50 feet but not less than 15 feet from the nearest rail of the railroad and to remain there until it was safe to proceed when a clearly visible electrical or mechanical signal device was giving warning of the immediate approach of the train;

o. He failed to stop his vehicle within 50 feet but not less than 15 feet from the nearest rail of the railroad when a crossing gate was lowered;

p. He drove his vehicle through, around, or under a crossing gate which was closed or being opened or closed;

    q. He was negligent in other particulars to be shown at the trial of this action.

2. The negligence, gross negligence, recklessness, and willful and wanton conduct of Plaintiff as alleged above was the proximate cause of the collision and his resulting injuries.

3. The negligence of the Plaintiff as described above bars his claims entirely.

## FIFTH DEFENSE

(Setoff)

Defendants are entitled to a setoff of any sums paid by or on behalf of other defendants, tortfeasors, or other persons/entities in settlement or payment of this action or any verdict in this action, or payment or settlement of claims or potential claims arising from the collision which is the subject of this action.

## SIXTH DEFENSE

(Constitutionality of Plaintiff's Punitive Damages Claim)

Plaintiff's claim for punitive damages, if any, violates procedural and substantive due process under the Fourteenth Amendment to the Constitution of the United States. Such a claim also violates the Eighth Amendment, the Commerce Clause under Article I, and the Full Faith and Credit Clause of the Fourth Amendment to the United States Constitution.

Respectfully submitted this the 16th day of November, 2023.

MILLBERG GORDON STEWART PLLC

By: /s/ William W. Stewart, Jr.
William W. Stewart, Jr., VSB # 94549
Oumayma El Hamzaoui, *to be admitted pro hac vice*
1101 Haynes Street, Suite 104

Raleigh, North Carolina 27604-1455
Telephone: (919) 836-0090
Facsimile: (919) 836-8027
Email: bstewart@mgsattorneys.com
oelhamzaoui@mgsattorneys.com

*Attorneys for Defendants National Railroad Passenger Corporation and Norfolk Southern Railway Company*

CERTIFICATE OF SERVICE

It is hereby certified that on this date the foregoing Answer was duly filed with the Clerk of Court using the CM/ECF system which will send notification of such filing upon all parties of record.

This the 16th day of November, 2023.

/s/ William W. Stewart, Jr.
William W. Stewart, Jr., VSB # 94549
1101 Haynes Street, Suite 104
Raleigh, NC  27604